IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2147-D

| | | |
|---|---|---|
| ADAM WILLIAM BLALOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On July 29, 2011, Adam William Blalock ("Blalock" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting memorandum [D.E. 1]. On August 8, 2011, Blalock filed a corrected petition [D.E. 3]. On February 22, 2012, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed [D.E. 4].

On March 22, 2012, respondent filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment [D.E. 8], along with a supporting memorandum, declarations, and several exhibits [D.E. 9–12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Blalock about the motion, the consequences of failing to respond, and the response deadline [D.E. 13]. On March 26, 2012, Blalock filed a motion for summary judgment, along with a supporting affidavit and exhibits [D.E. 14]. On April 5, 2012, Blalock filed a motion to stay the action pending completion of administrative remedies [D.E. 15]. On June 13, 2012, Blalock responded in opposition to respondent's motion to dismiss or for summary judgment [D.E. 16]. On June 22, 2012, respondent filed a reply [D.E. 18]. On July 11, 2012, Blalock (improperly) filed a sur-reply [D.E. 19].

On August 17, 2012, respondent filed a supplemental motion to dismiss or for summary judgment, along with the supplemental declaration of Joyce Johnson, a Case Manager for the United States Department of Justice at the Federal Correctional Complex in Butner [D.E. 20–21]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Blalock about the motion, the consequences of failing to respond, and the response deadline [D.E. 22]. Blalock did not respond, and the time within which to do so has expired.

On October 1, 1998, in the Middle District of North Carolina, Blalock was sentenced to an aggregate term of imprisonment of 209 months for conspiracy to distribute marijuana, money laundering, and conspiracy to launder money. Pet. [D.E. 1] 1; Johnson Decl. [D.E. 10] ¶ 5. Blalock's projected date of release from imprisonment is November 6, 2012. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList =false&IDType=IRN&IDNumber=16479-057 (last visited Sept. 26, 2012). Blalock filed this petition seeking to serve the final twelve months "or the balance of his term of imprisonment" in a residential re-entry center ("RRC"). Mem. Supp. Pet. [D.E. 1-1] 2–11. He contends that the BOP has violated the Second Chance Act of 2007 by refusing to consider him for RRC placement. Id.

On August 14, 2012, Blalock was transferred from BOP custody at Butner to Bannum Place, an RRC in North Carolina, where he is currently serving the remainder of his sentence. Supplemental Johnson Decl. [D.E. 21] ¶ 5 & Attach. 1; see BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet? Transaction=IDSearch&needingMoreList=false& IDType=IRN&IDNumber=16479-057 (last visited Sept. 26, 2012) (indicating transfer to "RALEIGH

2

CCM").[1]

Respondent asserts that Blalock's RRC placement renders his habeas petition moot. Supplemental Mem. Supp. Mot. Summ. J. 3–4. The court agrees. See, e.g., Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009); Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008); Muniz v. Sabol, 517 F.3d 29, 34 (1st Cir. 2008); McKinney-Bey v. Hawk-Sawyer, 69 F. App'x 113, 113 (4th Cir. 2003) (per curiam) (unpublished).

In sum, the court GRANTS respondent's supplemental motion to dismiss or for summary judgment [D.E. 20] and DISMISSES petitioner's application for a writ of habeas corpus as moot. The court DENIES the remaining motions as moot [D.E. 8, 14–15], DENIES a certificate of appealability, and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 26 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge

---

[1] Blalock failed to inform the court of his new address, as required by Local Civil Rule 83.3. The court cautions Blalock to comply with the local rules of this court.

3